UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

THOMAS A. CRAWFORD          )
                           )
            Plaintiff,      )
                           )          CIVIL ACTION
       v.                   )          NO. 12-11477-WGY
                           )
UNITED STATES MARINE CORPS and )
RAY MABUS, Secretary of the )
Navy                       )
                           )
            Defendants.     )
                           )

May 13, 2013

## MEMORANDUM

At a motion hearing held on May 10, 2013, this Court

withheld judgment on Defendants' motion to dismiss, Defs.' Rule

12(b)(1) & 12(b)(6) Mot. Dismiss, ECF No. 25, and entered an

oral order transferring the case to the Court of Federal Claims

for further adjudication on the merits.  Although the order

formally requires no further explanation, the Court nevertheless

believes that, given the significant jurisdictional questions at

issue, a brief exposition of its reasoning may prove

enlightening to all parties to this litigation.

The United States, as a sovereign, may not be subject to

suit without its consent, and the presence of such consent is a

condition precedent to federal jurisdiction.  United States v.

Mitchell, 463 U.S. 206, 212 (1983).  The doctrine of sovereign

1

immunity applies with equal force to suits brought against executive departments of the United States and employees thereof acting in their official capacities. See Hawaii v. Gordon, 373 U.S. 57, 58 (1968) (per curiam). A waiver of sovereign immunity cannot be effected casually or inadvertently; rather, it must be "unequivocally expressed" by congressional statute. Federal Aviation Admin. v. Cooper, 132 S. Ct. 1441, 1448 (2012) (internal quotation marks omitted). To this end, "a waiver of the Government's sovereign immunity will be strictly construed, in terms of its scope, in favor of the sovereign." Lane v. Peña, 518 U.S. 187, 192 (1996).

Crawford cited three potential sources of federal jurisdiction in his complaint: (1) the federal-question statute, 28 U.S.C. § 1331; (2) the Declaratory Judgment Act, 28 U.S.C. §§ 2201-2202; and (3) the Tucker Act, 28 U.S.C. § 1346. Verified Compl. Declaratory, Injunctive & Other Relief & Demand Trial Jury ("Compl.") ¶¶ 15-16, ECF No. 1. The First Circuit has held that neither the federal-question statute nor the Declaratory Judgment Act operate as waivers of sovereign immunity. See, e.g., Berman v. United States, 264 F.3d 16, 20 (1st Cir. 2001) ("General jurisdictional statutes such as 28 U.S.C. § 1331 . . . do not waive sovereign immunity and therefore cannot be the basis for jurisdiction over a civil action against the federal government."); Progressive Consumers Fed. Credit Union v. United

2

States, 79 F.3d 1228, 1230 (1st Cir. 1996) (noting that the Declaratory Judgment Act does not waive sovereign immunity because "the Act neither provides nor denies a jurisdictional basis for actions under federal law, but merely defines the scope of available declaratory relief," id. (quoting McCarthy v. Marshall, 723 F.2d 1034, 1037 (1st Cir. 1983)) (internal quotation marks omitted)). Crawford's only possible recourse, then, laid in the Tucker Act.

The Tucker Act can be best described as one statutory whole comprised of two complementary parts. 28 U.S.C. section 1346(a)(2) -- known more commonly by its colloquial title, the "Little Tucker Act" -- provides to federal district courts jurisdiction concurrent with the Court of Federal Claims over "[a]ny . . . civil action or claim against the United States, not exceeding $10,000 in amount, founded either upon the Constitution, or any Act of Congress, or any regulation . . ., or . . . any express or implied contract with the United States, or for liquidated or unliquidated damages in cases not sounding in tort." 28 U.S.C. § 1346(a)(2); see also Charles v. Rice, 28 F.3d 1312, 1321 (1st Cir. 1994). Non-tort claims against the United States totaling in excess of $10,000 that arise under either the Constitution or a federal act, regulation, or contract fall under the so-called "Big Tucker Act" and, by definition, are exclusively the reserve of the Court of Federal

3

Claims.  Charles, 28 F.3d at 1321; see also 28 U.S.C. §
1491(a)(1).

    Formally speaking, Crawford sought only injunctive and
declaratory relief, see Compl. ¶ 15, which would seem at first
to take Crawford's claims outside the ambit of the Tucker Act,
see Mitchell, 463 U.S. at 216 (observing that, for a claim to
fall within the bounds of the Tucker Act, "[t]he claim must be
one for money damages against the United States," id. (emphasis
added)).  The language with which a plaintiff constructs her
prayer for relief, however, is not necessarily determinative of
whether she in fact seeks remedies in equity rather than those
at law.  See National Bank of Fairhaven v. United States, 660 F.
Supp. 125, 128 (D. Mass. 1987) (Caffrey, J.) ("The
jurisdictional limit of the Tucker Act cannot be circumvented .
. . by phrasing a claim for damages in terms of a request for
injunctive relief.").  In an effort to stem forum shopping by
way of artful pleading, courts have recently taken the view that
what matters in jurisdictional inquiries such as this is the
substance of the claims asserted, not the particular form of the
demand.  See, e.g., Suburban Mortg. Assocs. v. U.S. Dep't of
Hous. & Urban Dev., 480 F.3d 1116, 1124 (Fed. Cir. 2007);
Tortorella v. United States, 486 F. Supp. 2d 159, 163-64 (D.
Mass. 2007) (Stearns, J.).

4

After combing through the complaint, it is apparent that Crawford couched his request for retirement benefits solely in monetary terms. See, e.g., Compl. ¶ 12 ("Since September 29 of 1998, Plaintiff has repeatedly requested to retire and receive his fully vested retirement funds . . . ."); id. ¶ 15 (noting that Crawford, in requesting declaratory and injunctive relief, specifically "seeks a determination that [he] is entitled to his retirement pay, past, present, and future"); id. ¶¶ 39-43 (arguing that "[a] denial of retired pay to an officer who has completed more than 20 years of service, due solely to a dismissal at a Court-Martial can be equated to a de-facto seizure of property," id. ¶ 41). Indeed, Crawford himself appeared to conceive of retirement pay as wholly inclusive of retirement benefits, explicitly averring in his complaint that the latter constitutes "hundreds of thousands of dollars." Id. ¶ 47. Even if this Court had credited Crawford's avowal that his alleged retirement benefits "encompass more than money," Pl.'s Opp'n Mot. Dismiss, ECF No. 30, these benefits would have had to equate to a substantial proportion of the earlier claimed hundreds of thousands of dollars in order to remove Crawford's action from the Court of Federal Claim's exclusive jurisdiction, see Charlton v. Donley, 611 F. Supp. 2d 73, 76 (D.D.C. 2009) ("Where the equitable relief lacks considerable value independent of any future potential for monetary relief . . . or

when the equitable relief requested in the complaint is
negligible in comparison with the potential monetary recovery .
. . the complaint will be deemed one for damages." (quoting
Bublitz v. Brownlee, 309 F. Supp. 2d 1, 7 (D.D.C. 2004))
(internal quotation marks omitted)).  Given that Crawford failed
to make any mention of any noneconomic perquisites supposedly
owing to him, he cannot escape the jurisdictional bar effected
by the Big Tucker Act.

Other sessions in this district have regarded transfer to
the Court of Federal Claims to be the appropriate cure where a
court is in want of jurisdiction over Big Tucker Act claims.[1]
See, e.g., Tortorella, 486 F. Supp. 2d at 164; Glaskin v. Klass,
996 F. Supp. 67, 74 (D. Mass. 1998) (Woodlock, J.).  The same
procedural vehicle was deployed here.

For the foregoing reasons, the Court TRANSFERRED this case
to the Court of Federal Claims.

**SO ORDERED.**

William L. Young
WILLIAM G. YOUNG
DISTRICT JUDGE

---

[1] District courts derive the authority to effect such
transfers from 28 U.S.C. section 1631.  See 28 U.S.C. § 1631
("Whenever a civil action is filed in a court . . . and that
court finds that there is a want of jurisdiction, the court
shall, if it is in the interest of justice, transfer such action
. . . to any other such court in which the action . . . could
have been brought at the time it was filed . . . .").

6